IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID ROYESKY,                        )
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )    Civil Action No. 10-95
                                      )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
          Defendant.                  )

O R D E R

AND NOW, this 29th day of March, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff argues that the record is insufficient to support the ALJ's determination that Plaintiff's impairments do not meet or equal Listing 12.05C.

The first part of Listing 12.05 provides:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

Here, Plaintiff claims that the requirements in subsection C have been met, in that he has a valid verbal, performance, or full scale IQ of 60 through 70 and other mental impairments imposing additional and significant work-related limitations of function. In the alternative, Plaintiff argues that the ALJ did not properly evaluate his "deficits in adaptive functioning." The Government argues that, regardless of whether Plaintiff can establish the subsection C criteria, he cannot establish the requirement in the initial paragraph of "deficits in adaptive functioning."

In order to meet or equal Listing 12.05, Plaintiff must prove both that he experiences "deficits in adaptive functioning" and that he meets the requirements in subsections A, B, C, or D. Cortes v. Comm'r Social Sec., 255 Fed. Appx. 646, 651 (3d Cir. 2007); Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003); 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A).

While an ALJ need not use any particular language or adhere to a particular format in analyzing the applicability of a listing, he must set forth the reasons for his decision. See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). There must be sufficient

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

development of the record and explanation of the findings to permit meaningful review. See Jones, 364 F.3d at 505. Here, the ALJ noted that two psychologists diagnosed borderline intellectual functioning, but not mental retardation, and specifically found a school psychologist's IQ score to be invalid. R. 21; 25-26; Manigault v. Astrue, 2009 WL 1181253, at *9 (W.D. Pa. Apr. 30, 2009) (work history, high school graduation contradicted low IQ score). Then the ALJ discussed the inapplicability of Listing 12.05C, citing Plaintiff's ability to live on his own, possess a driver's license and do semiskilled work. R. 26; see also 20 C.F.R. pt. 404, app. 1, § 12.00C(1) (listing "activities of daily living"). In addition, the ALJ elsewhere noted that Plaintiff used a computer to play games and surf the internet, made simple meals and did laundry with his parents' help. R. 25; 28. Substantial evidence supports the ALJ's conclusion that Plaintiff did not prove that he had the "deficits in adaptive functioning" that are necessary in order to meet Listing 12.05C. R. 17; 25-28; 124-29; 143; 148-50; 690; 876; 898-99; 906-07; 917.